IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LIBERTY SURPLUS INSURANCE CORPORATION, | : : : | CIVIL ACTION |
| v. | : : : | |
| AXA INSURANCE COMPANY and AXA CORPORATE SOLUTIONS ASSURANCE, S.A., et al. | : : : | No. 16-4977 |

**MEMORANDUM AND ORDER**

**DITTER, J.** October 10, 2017

  This case involves an insurance company's claim that other insurers should bear a proportional share of an insured's loss. It comes before me on a motion for jurisdictional discovery. I shall grant the motion in part and deny it in part.

  A brief review of the facts will be helpful.

  Ardagh US is one of a family of companies whose parent, Ardagh Global, is based in Luxemburg. AXA CS issued to Ardagh Global a policy providing global excess coverage above local, primary policies. This policy covered Ardagh Global's subsidiary companies including Ardagh US.

  Ardagh US is a Delaware corporation headquartered in Pennsylvania that manufactures metal containers. In the course of its business, Ardagh US provided defective cans to a company that sold tuna. As a result of the defect, the product had to be recalled causing heavy losses to the tuna company and thus to Ardagh US.

Liberty Surplus had issued a product recall insurance policy to Ardagh US. AXA US had issued a policy for commercial liability as well as a commercial liability umbrella policy to Ardagh US. Ardagh US made a claim to Liberty Surplus, which acknowledged coverage and paid an amount in excess of $75,000. Ardagh US also forwarded a claim to AXA US which denied coverage based on exclusions in its policy. Ardagh US did not submit a claim to AXA CS.

In this present action, Liberty Surplus seeks a declaration that Ardagh US's loss was also covered by the policies issued by AXA US and AXA CS. AXA CS has moved to dismiss on the grounds that this court lacks jurisdiction. Liberty Surplus countered with a motion for leave to take jurisdictional discovery on the issue of personal jurisdiction.

The Third Circuit has made jurisdictional discovery broadly available for personal jurisdiction disputes and deemed it "particularly appropriate where the defendant is a corporation." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 336 (3d Cir. 2009) (*citing Compagnie Des Bauxites de Guinee v. L'Union Atlantique S.S. d'Assurances*, 723 F.2d 357, 362 (3d Cir. 1983). I will grant Liberty Surplus's motion as it pertains to AXA CS, but deny it as it pertains to AXA US. AXA US's submission to jurisdiction in Pennsylvania and its relationship to AXA CS have nothing to do with whether there is jurisdiction over AXA CS. It follows that AXA US should be spared the expense and bother of responding to discovery requests.[1] In addition, Liberty Surplus should carefully limit its proposed areas of discovery to be sure they deal with the question of personal

---

[1] To paraphrase one of Abraham Lincoln's explanations, AXA US doesn't have a dog in that fight.

jurisdiction in Pennsylvania and not on the merits of its claim. Liberty Surplus has not always been focused.

For example, in its memorandum supporting its motion seeking jurisdictional discovery, Liberty Surplus lists eight areas of inquiry it wishes to pursue. The first one seeks documents relating to both defendants' issuance of insurance policies and AXA CS's using AXA US as its agent. Obviously these matters have nothing to do with jurisdiction in Pennsylvania.

Areas four and five have nothing to do with jurisdiction over AXA CS in Pennsylvania. Four asks about correspondence between AXA CS and AXA US regarding Ardagh US's claim while five seeks correspondence between AXA CS and Ardagh Global.

But enough. The fact that I have not mentioned the other areas proposed by Liberty Surplus does not mean they would be approved but only they have been ignored, at least for the time being.

Again the question is jurisdiction in Pennsylvania over AXA CS. Sixty days for ten carefully framed interrogatories and three carefully planned depositions should be more than enough time and inquiry to provide the facts for a determination of that issue.

An appropriate order follows.